IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| VIRNA DANIELS, | |
| Plaintiff, | Case No.: GJH-16-2645 |
| v. | |
| LORI LEIBOWITZ, *et al.*, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Plaintiff Virna Daniels brings this case against Legal Aid Bureau, Inc., Lori Leibowitz, Hong Park, Blake Fetrow, Teresa Cooke (collectively, "the Legal Aid Defendants"), the Housing Authority of Prince George's County ("HAPGC"), Eric Brown, Carolyn Floyd, Pamela Jones, Mavis Headley, Angela Hasty, Carla Carter (collectively, "the Housing Authority Defendants"), Wendy Powers, Tip Powers, Certified Termite and Home Inspection Co., Sharon Styles-Anderson, the U.S. Department of Housing and Urban Development ("HUD"), Bill Tamburrino, the Maryland Department of Housing and Community Development ("DHCD") and Dovenmuehle Mortgage, Inc. *See* ECF No. 72. The focal point of Daniels' claims is the housing subsidy that she received through the Housing Choice Voucher Program, a federal program administered locally by the HAPGC, from at least 2010 until her termination from the program in August 2014. *Id.* Daniels alleges that her subsidy was miscalculated, that Legal Aid failed to properly represent her in a previous case regarding her subsidy, and that she was improperly terminated from the program. *Id.* Daniels also used the subsidy to secure a mortgage to purchase a home in 2010. *Id.* With her subsidy terminated, she is at risk of foreclosure for failure to pay

1

the mortgage. *Id.* Therefore, another line of claims relate to issues surrounding the initial purchase of the home, including failures by various defendants to properly inspect the house before she purchased it. *Id.* The Legal Aid Defendants and the Housing Authority Defendants have both filed Motions to Dismiss, ECF Nos. 75 and 80,[1] which are now fully briefed. ECF Nos. 90 & 97 (Legal Aid Defendants) and Nos. 93 & 95 (Housing Authority Defendants).[2] In a series of motions, Plaintiff has also requested summons to add additional defendants to the case, ECF No. 85, and moved to voluntarily dismiss several defendants, ECF No. 101.[3] Plaintiff also filed a request for a preliminary injunction to stay state court proceedings regarding a foreclosure. ECF No. 102. A hearing on these motions is unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, the Court will grant the Legal Aid Defendants' Motion to Dismiss, ECF No. 75, will grant in part and in deny in part the Housing Authority Defendants' Motion to Dismiss, ECF No. 80, and will deny Plaintiff's Motion for a Preliminary Injunction, ECF No. 102. In addition, the Court will deny Plaintiff's request for additional summons and will grant her request to dismiss several defendants from the case.[4]

## I. BACKGROUND[5]

Daniels was a participant in the Housing Choice Voucher Program ("HCVP"), a program run by the federal government to help low-income families obtain affordable housing. *See* 42 U.S.C. § 1437f. This program is administered locally by the HAPGC. Daniels has been a

---

[1] The Housing Authority Defendants also move alternatively for summary judgment. However, as explained below the Court declines to convert the Motion to Dismiss into a Motion for Summary Judgment.

[2] While Plaintiff is not entirely clear in her motions, the Court construes ECF No. 90 as a Response to the Legal Aid Defendants' Motion to Dismiss and ECF No. 93 as a Response to the Housing Authority Defendants' Motion to Dismiss.

[3] Plaintiff also filed a Motion for an Extension of Time. ECF No. 99. As no responses are currently required of Plaintiff, her Motion is denied as moot.

[4] Pursuant to a prior Order, ECF No. 103, the Second Amended Complaint has already been dismissed as to HUD and Tamburrino. Thus, the following additional motions are moot: Plaintiff's Motion to Voluntarily Dismiss HUD and Tamburrino, ECF No. 100; Tamburrino's Motion to Stay, ECF No. 88 and the United States' Motion to Dismiss on Behalf of Tamburrino and HUD, ECF No. 87.

[5] Unless stated otherwise, all facts are taken from Plaintiff's Second Amended Complaint and are accepted as true.

participant in the HCVP since at least August 2010. ECF No. 72 ¶ 22. In 2011, represented by Legal Aid Bureau Inc., she brought a case against the HAPGC and its Executive Director, Eric Brown, pursuant to 42 U.S.C. § 1983, alleging that the housing authority violated her due process rights by failing to provide her with an informal hearing to challenge the alleged underpayment of her 2010 housing subsidy. *See Daniels v. Hous. Auth. of Prince George's Cty.*, 940 F. Supp. 2d 248, 251 (D. Md.), *aff'd sub nom. Daniels v. Brown*, 550 F. App'x 138 (4th Cir. 2013) (hereinafter, "Daniels I"). Daniels also alleged that the housing authority violated her right to a properly calculated housing subsidy. *Id.*

After a bench trial, the trial court entered judgment in favor of Daniels regarding her due process claims, finding that HAPGC failed to hold a hearing where she could contest the housing authority's determinations of her household income. *Id.* at 276-77. However, the court awarded only $1.00 in nominal damages, finding that Daniels "failed to present *any* testimony or evidence that she suffered emotional distress or mental anguish as a direct result of Defendants' having denied her a hearing." *Id.* at 277 (emphasis in original). In terms of Daniels' claims that her housing subsidy was miscalculated, the court again ruled in her favor as to one claim, noting that HAPGC failed to properly give Daniels credit for certain medical expenses she incurred between November 2011 and April 2012 when calculating her subsidy, resulting in an additional $24.00 damage award. *Id.* at 276. But the court ruled in favor of the defendants regarding Daniels' claims of additional miscalculations, finding that HAPGC's actions were not inconsistent with pertinent regulations and were not arbitrary or capricious. *Id.* at 269-70. In addition, the court also found that while her post-trial briefings alleged damages regarding subsidy miscalculations through 2013, "[p]laintiff failed to demonstrate at trial how Defendants miscalculated her subsidy or how she suffered any damages beyond April 2012." *Id.* at 275. Daniels appealed to

the Fourth Circuit, which affirmed the District Court's ruling. *See Daniels v. Brown*, 550 F. App'x 138 (4th Cir. 2013). On April 4, 2016, Daniels filed the instant case in the Circuit Court of Prince George's County, and on July 21, 2016, federal defendants HUD and Bill Tamburrino, a HUD employee, removed the case to this Court. ECF 1.

### A. Claims against Legal Aid Defendants

In Count I of her Second Amended Complaint, Daniels brings a claim against the Legal Aid Defendants alleging legal malpractice in their representation of her in *Daniels I*. ECF No. 72 ¶¶ 12-14. In support of this claim, Daniels states that Legal Aid did not win the case for her, that they did not request the appropriate amount of damages, that they were negligent, and that there was a conflict of interest between them and the defendants, the HAPGC and Brown, because Legal Aid agreed to a continuance in the case. *Id.* ¶ 13. She also claims that Legal Aid forced her to sign a retainer and then refused to immediately turn over her legal documents when requested. *Id.* Count IV repeats some of the same claims as Count I regarding Legal Aid's previous representation of Daniels, adding that Legal Aid failed to argue that her housing subsidy was miscalculated based on the fact that her children were going to school. *Id.* ¶ 29-30. She also claims that Legal Aid's actions caused her to suffer emotional distress and constituted a violation of 42 U.S.C. § 1983. *Id.* ¶¶ 32-33. Count V raises fraud claims, with Daniels arguing that Legal Aid suppressed information about known damages to the house to the court. *Id.* ¶ 36.

### B. Claims against the Housing Authority Defendants[6]

In Counts II, III, IV and V, Daniels renews claims against the Housing Authority Defendants regarding many of the same issues raised about her housing subsidy in *Daniels I*, asserting that the Housing Authority Defendants violated her rights under the Fourteenth Amendment Due Process Clause and the Housing Choice Voucher Program, 42 U.S.C. § 1437(f). *Id.* ¶¶14-33. Specifically, in Counts II and III she alleges that the Housing Authority Defendants failed to calculate her subsidy correctly, in part as an act of retaliation for her refusal to allow photographs of her family to be used in promotional materials; failed to notify her of a change in her subsidy prior to purchasing her home; and failed to perform a housing inspection prior to the purchase of her home. *Id.* ¶¶ 15-22. She also alleges a new claim, saying that she was wrongfully terminated from the subsidy program without due process. *Id.* ¶ 18. In Count IV, Daniels states that the Housing Authority Defendants violated her rights under 42 U.S.C. § 1983 by failing to follow local and federal regulations as they relate to the implementation of the subsidy program, *id.* ¶ 31, leading her to suffer from emotional distress. *Id.* ¶ 33. Finally, in Count V, Daniels brings claims of negligence and fraud against "all Defendants," including the Housing Authority Defendants, for failure to perform a housing inspection prior to her purchase of her home. *Id.* ¶¶ 38-43.

### C. Claims against Remaining Defendants

In addition to her main claims against the Legal Aid and Housing Authority Defendants, Daniels brings a variety of claims against individuals defendants. In Count III she alleges that

---

[6] Any new allegations that Plaintiff attempts to raise in her Responses in Opposition to the Legal Aid Defendants or the Housing Authority Defendants' Motions to Dismiss will be disregarded as the Plaintiff "cannot, through the use of motion briefs, amend the complaint." *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D.Md.1997); see also *Johnson v. SecTek, Inc.*, No. CIV.A. ELH-13-03798, 2014 WL 1464378, at *2 (D. Md. Apr. 14, 2014). If Plaintiff wishes to allege more claims against the Defendants, she may request leave of Court to amend her Complaint pursuant to Fed. R. Civ. Pro. 15(a)(2).

Sharon Styles-Anderson committed malpractice in her representation of Daniels in a hearing that led to the loss of her housing voucher. *Id.* ¶ 26. In Count V, Daniels alleges claims of fraud and negligence against Certified Termite and Home Inspection Company for their failure to inspect her home properly before she purchased it. *Id.* ¶¶ 43-44. In Count V, Daniels also raises general claims of fraud, breach of contract and negligence against "all Defendants" involved in the inspection and subsequent purchase of her home. *Id.* ¶¶ 34-44.

## II.   STANDARD OF REVIEW

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must

accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Pursuant to Federal Rule of Evidence 201, a court may "judicially notice a fact that is not subject to reasonable dispute," provided that the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These facts may be properly considered by the court without converting a motion to dismiss into a motion for summary judgment, as long as the facts are construed in the light most favorable to the plaintiff. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). In addition, when, as here, a Defendant has raised the defense of *res judicata* "a court may judicially notice facts from a prior judicial proceeding." *Ashe v. PNC Fin. Servs. Grp., Inc.*, 165 F. Supp. 3d 357, 360 (D. Md. 2015)(quoting *Brooks v. Arthur*, 626 F.3d 194, 199 n. 6 (4th Cir. 2010)). The consideration of the affirmative defense of res judicata is appropriate where "it clearly appears on the fact of the complaint…and the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F. 3d 521, 524 n.1 (4th Cir. 2000).

7

### B. Motion for Preliminary Injunction

The grant of a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)) (internal quotation marks omitted). Thus, the burden placed upon Plaintiffs to state a claim for a preliminary injunction is high. The Supreme Court and the Fourth Circuit recognize four requirements that a party must show to be granted a preliminary injunction:

> (1) there is a likelihood of success on the merits; (2) there is a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in movant's favor; and (4) the injunction is in the public interest.

*The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), judgment vacated on other grounds, 559 U.S. 1089 (2010), citing *Winter*, 555 U.S. at 20; *see also Dewhurst*, 649 F.3d at 290 (reaffirming the four requirements). All four requirements must be met in order for a preliminary injunction to be granted. *See Dewhurst*, 649 F.3d at 290.

### III. DISCUSSION

#### A. Legal Aid Defendants

Plaintiff's claims against the Legal Aid Defendants center around their representation of her in *Daniels I*, which was her prior lawsuit against the HAPGC and its Executive Director, Eric Brown. Plaintiff makes general allegations against the Legal Aid Defendants throughout her Second Amended Complaint. As best the Court can divine, she seeks to bring three causes of actions: 1) legal malpractice; 2) a violation of 42 U.S.C. § 1983; and 3) fraud. As Plaintiff fails to allege sufficient facts to substantiate any of these claims, the Legal Aid Defendants' Motion to Dismiss will be granted in full.

8

1. **Legal Malpractice Claim**

In Maryland, "[t]he elements of a legal malpractice action in a civil case include: (1) the employment of the lawyer, (2) the lawyer's neglect of a duty, and (3) loss to the client proximately caused by the neglect of duty." *Berringer v. Steele*, 758 A.2d 574, 591 (2000) (citing *Thomas v. Bethea*, 718 A.2d 1187, 1195 (1998)). "Thus, in order to recover, the client must establish that he or she probably would have prevailed in the underlying action, but for the lawyer's negligence, and that the litigant was harmed by the lawyer's conduct." *Id.*

Reviewing the record in *Daniels I*, there is no evidence that the Legal Aid Defendants were negligent in their representation of Plaintiff. In fact, their zealous advocacy through a two-day trial resulted in Plaintiff's success on several claims, with the court holding that the defendants violated her due process rights and, for a period of time, incorrectly calculated her housing subsidy. *Daniels I*, at 275-76. Furthermore, the Legal Aid Defendants' allegedly negligent actions, requesting an inappropriate amount of damages and failing to raise certain arguments regarding her housing subsidy miscalculation, are strategic decisions that the Court does not question "so long as an attorney acts in good faith and with knowledge of the law." *Senez v. Carney*, No. 0223 SEPT.TERM 2013, 2016 WL 1189129, at *8 (Md. Ct. Spec. App. Mar. 28, 2016), *cert. denied*, 141 A.3d 136 (2016) (discussing decision to call or not call a witness). Plaintiff does not allege any evidence of a lack of good faith or lack of knowledge of the law.

Furthermore, Plaintiff's additional allegations that agreeing to a continuance, forcing her to sign a retainer and refusing to immediately turn over legal documents upon her request establish that the Legal Aid Defendants had a conflict of interest require an inference not justified by the evidence. Critically, even if Plaintiff's allegations were sufficient to show a

breach of a duty, Plaintiff fails to allege any facts to support the conclusion that but for the alleged conduct, the outcome in *Daniels I* would have been different.[7] Thus, the Legal Aid Defendants' Motion to Dismiss as to Plaintiff's legal malpractice claim is granted.

### 2. 1983 Claim

While Plaintiff's frequent use of the general term "Defendants" in Count IV creates confusion as to which of the many Defendants she is referring to, any claim that the Legal Aid Defendants violated 42 U.S.C. § 1983 must fail because Plaintiff has not alleged that Legal Aid Bureau, Inc. is a state actor. "To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (internal citations and quotations omitted). Plaintiff has not put forward any facts asserting that Legal Aid is a state-actor or that it has a sufficiently close relationship with state actors to be viewed as such. Thus, the Legal Aid Defendants' Motion to Dismiss as to Plaintiff's 1983 claim is granted.

### 3. Fraud Claim

Finally, Plaintiff brings a claim against the Legal Aid Defendants for fraud, alleging that they suppressed information about known damages to her house to the court. ECF No. 72 ¶ 36. "When a plaintiff alleges fraud…[Federal Rule of Civil Procedure] 9(b) requires that 'the circumstances constituting fraud be stated with particularity.'" *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (quoting *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000)); Fed. R. Civ. P. 9(b)). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person

---

[7] As the Legal Aid Defendants note in their Motion, two of the Defendants, Cooke and Fetrow, did not even represent Plaintiff in *Daniels I*. ECF No. 75-1 at 8.

making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citation omitted). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). Plaintiff's general accusations of fraudulent behavior are insufficient to meet the requirements of pleading a fraud claim. ECF No. 72 ¶ 34-44. Thus, the Legal Aid Defendants' Motion to Dismiss as to Plaintiff's fraud claim will be granted.

### B. Housing Authority Defendants[8]

The Housing Authority Defendants argue that the claims against them should be dismissed as Plaintiff is merely re-litigating the same claims she raised in *Daniels I*. To the extent that Plaintiff's claims relate to miscalculations of her housing subsidy prior to March 2013,[9] the Housing Authority Defendants are correct. But Plaintiff also brings new allegations, saying that her housing subsidy continued to be miscalculated through August 2014 and that she was wrongfully terminated from the subsidy program in August 2014. Thus, the Housing Authority Defendants' Motion is granted in part and denied in part.[10]

---

[8] With the exception of facts from the prior judicial proceeding in *Daniels I*, and from her on-going state foreclosure proceeding, discussed *infra*, the Court has not reviewed any materials outside the pleadings. Thus, the Court declines to convert the Housing Authority Defendants' Motion to Dismiss into a Motion for Summary Judgment. Furthermore, "[w]here one of the litigants proceeds pro se…explicit notice is required before a motion to dismiss can be converted into a motion for summary judgment." *Reaves v. Roanoke Redevelopment & Hous. Auth.*, No. CIV.A. 7:08-CV-00484, 2008 WL 4642984, at *3 (W.D. Va. Oct. 21, 2008)(citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (error where district court failed to explain to pro se plaintiff that the conversion of a motion to dismiss into a motion for summary judgment entitled plaintiff to file counter affidavits or other responsive material)).

[9] In *Daniels I*, the court noted that Plaintiff's post-trial briefings included allegations of miscalculations of housing subsidies "up to and including the year 2013." *Daniels I*, at 275 n. 7. A review of the post-trial briefings show that Plaintiff alleged miscalculations through March 2013. *Daniels I*, ECF No. 55 ¶¶ 24, 31.

[10] Plaintiff has not specified whether or not she is suing the Housing Authority Defendants in their official or personal capacities, a distinction that impacts the potential defenses a Defendant could raise.

"It is well established that the doctrine of res judicata bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.), *aff'd*, 229 F.3d 1141 (4th Cir. 2000) (emphasis in original) (citations omitted). "Res judicata, which is sometimes referred to as claim preclusion, helps to avoid 'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions.'" *Id.* (quoting *Murray Int'l Freight Corp. v. Graham*, 555 A.2d 502, 503-04 (Md. 1989)). "For res judicata to prevent a party from raising a claim, three elements must be present: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)(quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir.1990)).[11] "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." *Id.* at 210-11.

---

As the Supreme Court explained in *Kentucky v. Graham*: 'Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent ... an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.'

*Conley v. Ryan*, 92 F. Supp. 3d 502, 519 (S.D. W.Va. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66(1985)). As Plaintiff lists the Housing Authority Defendants by their role at the HAPGC, the Court will construe her Second Amended Complaint as bringing suit against them in their official capacity. If Plaintiff wishes to sue the Defendants in their personal capacity, she may request leave of the Court to amend her Complaint, pursuant to Fed. R. Civ. P. 15. Notably, a suit against someone in their official capacity does not bar a suit against them in their personal capacity. *Andrews v. Daw*, 201 F.3d 521, 526 (4th Cir. 2000)("Accordingly, we hold that a government official in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata.")

[11] As the prior proceeding involved the litigation of a federal question claim in federal court, federal law regarding res judicata applies. "It has been held in non-diversity cases since Erie v. Tompkins, that the federal courts will apply their own rule of res judicata." *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946); *see also Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000)("Because [plaintiff] brought his first suit against [defendant] in federal court, federal rules of res judicata apply.").

Here, the three elements of res judicata are met. First, the detailed opinion in *Daniels I*, written after a two-day trial, represents a judgment on the merits. Second, the defendants in this case, the HAPGC and its employees, are in privity with the defendants in *Daniels I*, the HAPGC and Eric Brown, sued in his official capacity as Executive Director of the HAPGC. *Daniels I*, at 251. While Plaintiff is now suing new HAPGC employees that she did not sue in *Daniels I*, "[p]rivity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants." *Chen v. Maryland Dep't of Health & Mental Hygiene*, No. CV ELH-15-01796, 2016 WL 632036, at *20 (D. Md. Feb. 17, 2016)(quoting *Kayzakian v. Buck*, 865 F.2d 1258, at *2 (4th Cir. 1988) (per curiam)). Finally, the present case is a subsequent suit raising the same claims regarding the miscalculation of her housing subsidy from approximately 2010 through March 2013 that were thoroughly litigated in *Daniels I*. Thus, the Housing Authority Defendants' Motion to Dismiss is granted as it relates to those claims. However, Plaintiff also raises new claims, alleging continued miscalculations post-March 2013 and improper termination from the program in 2014, which were not available to Plaintiff at the time of the prior suit. Thus, the Housing Authority Defendants' Motion to Dismiss is denied as to those claims.

### C. Defendants Sharon Styles-Anderson, Tip Powers and Certified Termite and Home Inspection Co.

In addition to her above referenced claims, Plaintiff seeks to sue Sharon Styles-Anderson for legal malpractice, and both Tip Powers and Certified Termite and Home Inspection Co. for fraud, negligence and breach of contract, presumably relating to the purchase and inspection of her home. Neither Sharon Styles-Anderson nor Tip Powers have submitted a response to Plaintiff's Complaint. Certified Termite and Home Inspection Co. filed Motions to Dismiss in both state court and in this Court after the case was removed, requesting to be dismissed from the

case because of the lack of specific allegations against them. ECF Nos. 66 & 71.[12] With the filing of Plaintiff's Second Amended Complaint, Certified Termite and Home Inspection Co.'s Motion was denied as moot, and they did not file any further motions in this case. ECF No.79. Although Plaintiff is *pro se*, because this case was removed from state court and she is not proceeding *in forma pauperis* 28 U.S.C. §1915(e)(2), which permits *sua sponte* dismissal of complaints which fail to state a claim, does not apply. "However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012).

Plaintiff claims that Sharon Styles-Anderson committed malpractice in her representation of Daniels in a hearing that led to the loss of her housing voucher. ECF No. 72 ¶ 26. As discussed above regarding Plaintiff's claims against the Legal Aid Defendants, "[t]he elements of a legal malpractice action in a civil case include: (1) the employment of the lawyer, (2) the lawyer's neglect of a duty, and (3) loss to the client proximately caused by the neglect of duty." *Berringer v. Steele*, 758 A.2d 574, 591 (2000) (citing *Thomas v. Bethea*, 718 A.2d 1187, 1195 (1998)). "Thus, in order to recover, the client must establish that he or she probably would have prevailed in the underlying action, but for the lawyer's negligence, and that the litigant was harmed by the lawyer's conduct." *Id.* Here, Plaintiff's conclusory allegations that Ms. Styles-Anderson "was not prepared" and that she "agree[d] to produce a statement that Plaintiff had no knowledge of" are insufficient to establish a breach of a duty and that, but for Ms. Styles-Anderson's actions, Plaintiff would have prevailed in the hearing. Other allegations such as Ms. Styles-Anderson's refusal to return Plaintiff's documents bear no connection at all to Plaintiff's

---

[12] All three Defendants were served in the state court proceedings prior to removal to this Court. *See* ECF Nos. 55-57.

success at a housing subsidy termination hearing. As Plaintiff has failed to state a claim against Ms. Styles-Anderson, the claims against her are dismissed.

Plaintiff's claims against Tip Powers and Certified Termite and Home Inspection are similarly deficient. Fed. R. Civ. Pro. 9(b)'s enhanced pleading requirement for fraud claims is clearly not met where, as is the case here, Plaintiff never mentions Tip Powers by name in her Second Amended Complaint. While Plaintiff does mention an inspection completed by Certified Termite and Home Inspection Co. in "May, June, July and August 2010," ECF No. 72 at ¶ 43, she fails to allege with specificity how the inspections were fraudulent. Similarly, Plaintiff only provides conclusory statements regarding a breach of contract by Certified Termite and Home Inspection Co., referencing only "many types of violations" with no facts to support what the contract was or how it may have been breached. *Id.* at ¶ 39. The Court further takes judicial notice of the findings of fact in *Daniels I*, where the court determined that "Daniels' home passed [Housing Quality Standards] inspection on August 4, 2010," *Daniels I*, at 254, which suggests Plaintiff's claims are frivolous. As Plaintiff has failed to state a claim against either Defendant, Plaintiff's claims against Tip Powers and Certified Termite and Home Inspection Co. are dismissed.

### D. Preliminary Injunction

On October 31, 2016, Plaintiff filed a "Request for a Mandatory Preliminary Preventive Injunctive Relief," ECF No. 102, which the Court will construe as a Motion to Request a Preliminary Injunction. Plaintiff asks this Court to stay a state court foreclosure proceeding. *Id.* at 1-3.[13] None of the Defendants have responded to Plaintiff's Motion.

---

[13] The foreclosure case, captioned as *Substitute Trustee v. Daniels*, CAEF 16-35899 (Prince George's Cty. Cir. Ct. 2016), can be accessed at http://casesearch.courts.state.md.us/casesearch/ (last visited February 2, 2017).

15

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015). The Anti-Injunction Act deprives the Court of subject matter jurisdiction, and thus the Court is obligated to consider its effects *sua sponte*. *Tucker*, 83 F. Supp. 3d at 641 n.4; *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject matter jurisdiction, courts are obligated to consider *sua sponte* issues that parties have disclaimed or have not presented."); *Kinard v. Kinard*, No. 98-2511-24, 1999 WL 501008, at *2 (D.S.C. June 4, 1999) ("The Anti-Injunction Act deprives the court of subject matter jurisdiction."). Hence, where there is an on-going state foreclosure proceeding, federal courts must avoid interference unless otherwise authorized pursuant to 28 U.S.C. § 2283. *See Tucker*, 83 F. Supp. 3d at 641.

The Maryland Judiciary Case Search website, the contents of which the Court takes judicial notice, Fed. R. Evid. 201, establishes that the foreclosure action regarding Plaintiffs' Property is still active. *Substitute Trustee v. Daniels*, CAEF 16-35899 (Prince George's Cty. Cir. Ct. 2016). Finding no basis to disturb an on-going state proceeding, Plaintiff's request for a preliminary injunction will be denied.

### E. Miscellaneous Motions

#### 1. Motion to Voluntarily Dismiss Defendants Maryland Department of Housing and Community Development ("DHCD") & Dovenmuelhe Mortgage Inc.

On October 31, 2016, Plaintiff filed a Motion to Remove the Department of Housing and Community Development ("DHCD") and Dovenmuehle Mortgage Inc. from the case. ECF No. 101. The Court will construe this as a Motion for Voluntary Dismissal, which allows a Plaintiff to dismiss an action without a court order if the opposing party has not filed an answer or motion

16


for summary judgment. *See* Fed. R. Civ. Pro. 41(a)(1)(A). As neither Defendant has been served, Plaintiff's motion is timely.[14] While not necessary as no court order is required, in the interest of providing clarity to Plaintiff, who is litigating the case *pro se*, the Court will issue an order granting Plaintiff's Motion.

### 2. Motion Requesting Summons

Pursuant to Local Rule 103(2)(d) the Court must authorize the issuance of summons requested by self-represented litigants. Loc. R. 103(2)(d) (D. Md. 2016). On September 23, 2016, Plaintiff requested that the Court issue summons for the following individuals: Allen F. Locuks (Office of the United States Attorney); Wendy Powers; Angela Hasty (HAPGC); Hong Park, Esq. (Legal Aid); Legal Aid Bureau of Maryland; Lori Leibowitz (Legal Aid). ECF No. 85. As explained above, the Court will grant the Legal Aid Defendants' Motion to Dismiss; thus, Plaintiff's Requests for Summons for Hong Park, Legal Aid and Lori Leibowitz are denied as moot. Plaintiff's Request for Summons for Allen Loucks is also denied as Loucks is the attorney representing the United States of America in the instant case and does not otherwise appear to be the subject of Plaintiff's claims.[15] Plaintiff's Request for Summons will be granted as to Ms. Hasty because she includes specific, if sparse, allegations against Ms. Hasty. Finally, "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted," *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012), the claims against Wendy Powers are dismissed as Plaintiff has failed to put forward any specific allegations regarding her relevance to Plaintiff's claims.

---

[14] Plaintiff had also filed a motion requesting that the Court issue summons for DHCD and Dovenmuehle Mortgage Inc. ECF No. 85. As she has decided to voluntarily dismiss them from the case, her motion to request summons is moot as to those defendants.

[15] In addition, Plaintiff never requested a summons against Carla Carter. Therefore, absent a showing of good cause, the case against Ms. Carter is to be dismissed without prejudice for Plaintiff's failure to effect service within 90 days of the filing of the Complaint. Fed. R. Civ. Pro. 4(m).

17

IV.  **CONCLUSION**

For the foregoing reasons, Legal Aid Defendants' Motion to Dismiss, ECF No. 75, is granted; the Housing Authority Defendants' Motion to Dismiss, ECF No. 80, is granted in part and denied in part; Plaintiff's Motion for a Preliminary Injunction, ECF No. 102, is denied; Plaintiff's request for additional summons ECF No. 85, is denied as to all Defendants except for Angela Hasty, for which it is granted; and Plaintiff's Motion to Voluntarily Dismiss DHCD and Dovenmuehle Mortgage, Inc., ECF No. 101, is granted. A separate Order follows.

Dated: February 3, 2017

_____
GEORGE J. HAZEL
United States District Judge