IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **VIRNA DANIELS,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-16-2645 |
| | * | |
| **HOUSING AUTHORITY OF PRINCE GEORGE'S COUNTY,** *et al*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this case, Plaintiff Virna Daniels sued Defendants the Housing Authority of Prince George's County ("HAPGC"), Eric Brown, Carolyn Floyd, Pamela Jones and Mavis Headley (collectively "Defendants"),[1] alleging that she was ineffectively represented, and financially and emotionally injured when she lost her housing voucher. ECF No. 4. Currently pending before the Court are Plaintiff's two Motions to Appoint Counsel, ECF No. 108, ECF No. 118, Defendants' Motion to Dismiss as Sanctions for Plaintiff's Failure to Answer Interrogatories and Respond to Request for Production and Certification of Good Faith Efforts ("Motion for Sanctions"), ECF No. 114, and Defendants' Motion for Summary Judgment, ECF No. 125. The summary judgment motion will be granted and the remaining motions will be denied.

### I.  BACKGROUND

The Court summarized the factual background of this case in detail in its February 3, 2017 Memorandum Opinion, ECF No. 104, and restates the relevant facts here. Plaintiff's claim focuses on the housing subsidy that she received from the Housing Choice Voucher Program

---

[1] The Court notes that there are several additional defendants listed on the docket who did not take part in the filing of the pending Motion; for ease of reference, the Court refers to the filing defendants simply as "Defendants."

1

from at least 2010 until her termination from the program in August 2014. On April 14, 2016, Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland. In her Complaint, Plaintiff alleges that HAPGC miscalculated her subsidy and improperly terminated her from the program. On July 21, 2016, this case was removed to this Court. ECF No. 1. That same day, Plaintiff amended her complaint against Defendants, ECF No. 4, and amended it again on August 8, 2016. ECF No. 72. On February 3, 2017, this Court ruled on a number of motions, dismissing the claims against several defendants, ECF No. 104 at 8, and granting in part and denying in part Defendants' Motion to Dismiss, *id.* at 11. Specifically, the Court dismissed claims that had previously been litigated in state court (allegations that Plaintiff's subsidy had been miscalculated from 2010 through March 2013), but denied the Motion to the extent that Plaintiff "raises new claims, alleging continued miscalculations post-March 2013 and improper termination from the program in 2014, which were not available to Plaintiff at the time of the prior suit." *Id.* at 13. As such, the only relevant issues that remained were whether HAPGC miscalculated Plaintiff's subsidy from March 2013 forward, and whether she was properly terminated from the program.

Following this Court's Order, Defendants filed an Answer to the Second Amended Complaint, ECF No. 107, Plaintiff filed the pending Motion to Appoint Counsel, ECF No. 108, and the Court entered a Scheduling Order, ECF No. 109. This Scheduling Order provided that Rule 26(a)(1) disclosures should be served by March 24, 2017, that depositions should be completed by July 10, 2016, that the parties should file a status report by July 10, 2017, and that motions for summary judgment should be filed by August 10, 2017. ECF No. 109 at 1–2.

On July 7, 2017, Plaintiff submitted a Motion for an Extension of Time to complete her discovery interrogatories. ECF No. 116. On July 9, 2017, Defendants filed the now-pending

2

Motion for Sanctions, ECF No. 114, along with a Status Report on July 10, 2017, ECF No. 115. Both filings made clear that Plaintiff had not been responsive to Defendants' discovery requests. Defendants informed the Court that they had served Interrogatories and a Request for Production on Plaintiff on June 1, 2017, but that they had not received any responses or Rule 26(a)(1) initial disclosures as of July 9, 2017. ECF No. 114 ¶¶ 3–6. Defendants argue that they were "prejudiced by Plaintiff's failure to provide discovery," as they do not have sufficient information to complete their summary judgment motions, and ask that the Court dismiss the case as a sanction for Plaintiff's failure to respond, pursuant to Fed. R. Civ. P. 37(a) and (d)(3). *Id.* at 2. Alternatively, they request an order compelling discovery and a modification of the scheduling order, along with an award of attorneys' fees. *Id.* at 2–3.

In response, Plaintiff filed an Opposition to the motions on July 11, 2017, which included a second Motion to Appoint Counsel. ECF No. 118. In her Opposition, Plaintiff explains that she thought that an attorney who represents her in her home foreclosure suit would be handling discovery, and only realized that this attorney was not handling discovery when she received Defendants' July 3, 2017, letter requesting her discovery. *Id.* ¶ 1. Plaintiff explains that she is now aware of her responsibilities, and will try to comply with the discovery requests. In fact, Plaintiff submitted Certificates Regarding Discovery to the Court on August 7, 2017 (ECF No. 121, certifying a Response to Defendants' First Interrogatories), August 21, 2017 (ECF No. 123, certifying Supplemental Responses to a request from Defendants dated August 11, 2017), and on August 25, 2017 (ECF No. 124). On August 10, 2017, this Court extended the close of discovery until September 1, 2017, and extended the dispositive motion deadline until October 2, 2017. ECF No. 122.

3

On October 2, 2017, the remaining Defendants filed a Motion for Summary Judgment, ECF No. 125, arguing that Plaintiff had not produced any evidence indicating that her subsidy had been improperly calculated from March 2013 to the time of her termination from the program, or that her termination had been improper. ECF No. 125-1 at 2–3. Furthermore, Defendants provided several exhibits demonstrating that (1) Defendants had repeatedly sought a notarized letter from Plaintiff's son clarifying the amount of money he regularly contributes on her behalf for certain bills, ECF No. 125-3 at 14; (2) Defendants terminated Plaintiff from the subsidy program after her continued failure to provide the notarized letter, *id.* at 3; and, (3) even after her termination, Defendants gave Plaintiff a termination hearing and further opportunities to provide the requested information, although she did not comply, *id.*

Plaintiff's Motions for Counsel, ECF No. 108 and ECF No. 118, and Defendants' Motion for Sanctions, ECF No. 114, and Motion for Summary Judgment, ECF No. 125, are ripe for review. The Court addresses the motions in turn.

## II.  MOTION FOR COUNSEL

Before addressing Defendants' Motion for Summary Judgment, the Court first considers whether Plaintiff is entitled to have counsel appointed to assist her; the Court finds that she is not.

### A.  Standard of Review

The power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, to be exercised only in "exceptional cases." *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989).

Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

   B.   **Analysis**

This is not the rare, "exceptional case[]" in which a plaintiff is entitled to the appointment of counsel under 28 U.S.C. § 1915(e)(1). *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Even if Plaintiff possessed a "colorable claim"—which, as discussed below, the Court finds she does not—it is clear that she has the capacity to represent herself. Plaintiff has navigated the state and federal court systems, largely complied with filing deadlines, submitted briefs and motions, amended her Complaint on multiple occasions, and appeared in court. As such, the Court finds that Plaintiff is capable of representing herself, and denies her Motion for Counsel.

**III.   MOTION FOR SANCTIONS**

   A.   **Standard of Review**

The Federal Rules of Civil Procedure allow parties to request documents and information from each other. *See generally* Fed. R. Civ. P. 26–37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to disclosure or discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Rule 37(a)(5)(A) provides that the moving party may be awarded expenses when a motion to compel discovery is granted. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). However, the Court "must not order this payment" if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). *See also Combs v. Bank of America, N.A.*, No. GJH-14-3372, 2016 WL 8672923, at *6 (D. Md. Sept. 16, 2016). This

5

Court has acknowledged that "there may well be situations in which financial indigenc[e] will tilt against the imposition of Rule 37 sanctions." *Franklin v. Tri-Cty. Council for the Lower E. Shore of Maryland*, No. ELH-15-786, 2016 WL 3653966, at *5 (D. Md. July 8, 2016) (quoting *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984)); *see also Porreca v. Mitchell L. Morgan Mgmt.*, No. JFM-08-1924, 2009 WL 400626, at *5 (D. Md. Feb. 13, 2009) (dismissal without prejudice was a less severe sanction than imposition of costs because plaintiff was homeless).

**B.     Analysis**

The Court will not award attorney's fees for Defendants regarding their Motion to Compel Discovery. While Defendants' July 9, 2017, Motion makes clear that Plaintiff was refusing to cooperate in discovery at the time, *see* ECF No. 114 at 2, Plaintiff subsequently explained her non-compliance. In her Opposition to Defendants' Motion to Compel Discovery, Plaintiff explains that she thought that her attorney from another matter was handling this case, and was handling the discovery requests. *See* ECF No. 118 at 3. Since then, Plaintiff has filed a number of discovery-compliance certifications, which indicate that she has been complying with discovery. ECF No. 121, ECF No. 123, ECF No.124. Given that (1) Plaintiff is representing herself *pro se*, (2) she has explained that she did not intentionally abuse the discovery process, (3) she has since attempted to comply with her discovery obligations, and (4) she is likely not in a financial position to pay Defendants' fees, the Court will not award attorney's fees in favor of Defendants.[2]

---

[2] Defendants also asked the Court to dismiss Plaintiff's action as a sanction for failure to respond to discovery requests. As discussed below, the Court is granting Defendants' Motion for Summary Judgment, and need not consider whether Plaintiff's Second Amended Complaint should be dismissed as a discovery sanction.

6

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

"Under [Federal Rule of Civil Procedure] 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. Importantly, at the summary judgment stage, it is not the Court's function to weigh the evidence but simply to decide if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). A dispute of material fact is genuine if the conflicting evidence creates "fair doubt," *Cox v. Cnty. Of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001), such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Nevertheless, a "mere scintilla of proof" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003) (citing *Anderson*, 477 U.S. at 252). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*,

477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

**B.     Analysis**

Based on the documents submitted by both parties, there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. The Court reiterates that the only issues that survived the Court's February 3, 2017, ruling are the propriety of Plaintiff's subsidy from March 2013 to the time she was terminated from the subsidy program, and the propriety of her termination. As explained below, there is no evidence that Defendants acted improperly in issuing Plaintiff's subsidy from March 2013 to the time of her termination, or in terminating her from the subsidy program.

As attachments to their Motion for Summary Judgment, Defendants include an affidavit and accompanying exhibits from the Rental Assistance Division Manager for HAPGC. ECF No. 125-2, ECF No. 125-3. These documents show that from March 2013 until she was terminated from the program, Plaintiff received a subsidy check every month from HAPGC for $1,308. *See* ECF No. 125-3 at 2–3. This subsidy had been calculated in November 2012 in an annual recertification, and was intended to apply throughout 2013. ECF No. 125-2 at 2, ECF No. 125-3 at 4–7.

In 2013, when it was time for Plaintiff to be recertified for 2014 and her subsidy reexamined, HAPGC sent her a notice advising her of her recertification obligations, and seeking recertification documents from her. ECF No. 125-2 at 2, ECF No. 125-3 at 8–9. Upon returning the documents, Plaintiff informed HAPGC that her son's car is titled in her name. ECF No. 125-2 at 2, ECF No. 125-3 at 10–11. In response, on April 23, 2013, HAPGC sent Plaintiff a letter

8

asking for a "verification of support letter" from her son, stating how much money he provides her with each month, and whether he makes her car payments for her. ECF No. 125-2 at 2, ECF No. 125-3 at 12. On May 6, 2013, HAPGC requested from Plaintiff "proof your son has the cable bill, car and car insurance in his name." ECF No. 125-2 at 2, ECF No. 125-3 at 14. Rather than providing the letter from her son that HAPGC requested, Plaintiff sent HAPGC a letter on May 14, 2013, advising HAPGC that her son "does not reside with me" but that the truck was in her name "because of her good credit which allowed a lower interest rate." ECF No. 125-2 at 2, ECF No. 125-3 at 16–17. Again, HAPGC informed Plaintiff that she needed to send a signed verification letter from her son; again, Plaintiff failed to do so, and requested a hearing with HAPGC. ECF No. 125-2 at 2, ECF No. 125-3 at 18–21. At this point, HAPGC advised Plaintiff that she was in violation of the subsidy program for failure to provide requested information, reiterated the request for a letter from her son, and denied her request for a hearing as premature, as HAPGC had not made a determination regarding her recertification at that point. ECF No. 125-2 at 3, ECF No. 125-3 at 23. On June 16, 2013, Plaintiff provided HAPGC with a letter from her son which stated that his "financial contribution to [Plaintiff's] household . . . is zero dollars per month," but did not explain under whose name the car in question was under, or who paid the car payments. ECF No. 125-2 at 3, ECF No. 125-3 at 24. Several days later, on June 19, 2013,[3] HAPGC informed Plaintiff by letter that her subsidy was being terminated for "failure to provide complete and consistent information" which had "continued despite three previous attempts . . . to obtain this information from you." ECF No. 125-2 at 3, ECF No. 125-3 at 26.

Plaintiff requested a hearing regarding the termination, ECF No. 125-3 at 31, which was conducted (after some delays) on June 5, 2014, *id.* at 39. The hearing officer prepared a detailed

---

[3] The affidavit provided by Defendants misstates the year that this termination notice was sent as "2017." However, the date on the actual notice, ECF No. 125-3 at 26, is "2013."

decision summarizing the hearing and her decision, which was sent to Plaintiff on June 26, 2014. *Id.* at 38–41. In arriving at her decision, the hearing officer heard evidence from Plaintiff and HAPGC, and ultimately upheld the termination of Plaintiff's subsidy, as Plaintiff had "violated her obligation to supply true and complete information requested by HAPGC"; however, the hearing officer gave Plaintiff a final 10 business days to provide HAPGC with a Verification of Support letter. *Id.* at 40. On July 27, 2014, Plaintiff informed HAPGC that her son refused to sign the Verification of Support letter, causing HAPGC to inform Plaintiff of her final termination from the subsidy program on July 28, 2014. *Id.* at 42–44.

As attachments to her Opposition brief, Plaintiff includes over 400 pages of various documents. Despite the sheer volume of evidence presented, none of the documents present a disputed material fact that defeats Defendants' Motion. In her Opposition, Plaintiff repeatedly makes vague, conclusory allegations, which are not helpful to the Court without specific documentary support. *See, e.g.*, ECF No. 127 at 1 (alleging that Defendants "hid[], omitted, [did] not reveal[] . . . important documents and information," but not explaining how this relates to her subsidy from March 2013 forward, or her termination from the subsidy program); ECF No. 127 at 2 (alleged that "the Defendants disobeyed a federal judge's ruling" without demonstrating any specific details of such noncompliance). Plaintiff broadly alleges that Defendants "denied [her] . . . of her right to due process after they terminated her," but does not contest the evidence presented by Defendants. ECF No. 127 at 3. Rather than explaining the relevance of the voluminous record she attaches, Plaintiff simply asks the Court to "incorporate every attachment in to this case" and notes that "[t]here are 267 affidavits, exhibits, [and] attachments." ECF No. 127 at 10. While the Court has considered these documents, it notes that nearly all of the documents relate to Plaintiff's initial subsidy calculation and subsequent legal representation;

10

claims that were disposed of in the Court's Order on February 3, 2017, and are not relevant here. The Court has not identified (nor has Plaintiff offered) any evidence that her subsidy from March 2013 forward was improperly calculated, or that she was improperly terminated from the subsidy program.

Defendants are entitled to judgment as a matter of law regarding the amount of subsidy that Plaintiff received, as there is no dispute of any material fact. The Court has already determined that Plaintiff's housing subsidy was correct up to March of 2013, and the record shows that she was paid the same subsidy until the termination of her subsidy. 24 CFR §982.516 provides that participants in the HCVP must go through a regular reexamination of family income each year. The evidence presented by Defendants shows that Plaintiff refused to provide complete information regarding her family income, therefore making it impossible for Defendants to reassess her subsidy; as such, Plaintiff cannot now claim that the subsidy she was receiving was improper.

Defendants are also entitled to summary judgment regarding their termination of Plaintiff from the subsidy program. Defendants have the authority to "deny admission or terminate assistance" where participants "violate[] any family obligations under the program." 24 CFR § 982.552(c). One of the family obligations is to "supply any information requested . . . for use in a regularly scheduled reexamination." 24 CFR § 982.551. Where HAPGC decides to terminate a participant, they must give an "opportunity for an informal hearing to consider whether the . . . [termination is] in accordance with the law." 24 CFR § 982.555. Here, Defendants requested the income verification letter from Plaintiff's son, which she did not supply. This constituted a violation of her obligations as a participant in the program, and gave Defendants the right to terminate her. She requested a hearing, which she was provided with, and received a detailed

11

summary of the hearing officer's decision. Plaintiff was even given a final opportunity to remedy her violation, by providing Defendants with the requested letter, but failed to do so. Defendants followed the applicable federal regulations, and acted properly in terminating Plaintiff from the subsidy program. As such, Defendants are entitled to summary judgment on Plaintiff's claims.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Counsel, ECF No. 108 and ECF No. 118, and Defendants' Motion for Sanctions, ECF No. 114, are denied. Defendant's Motion for Summary Judgment, ECF No. 125, is granted. A separate order shall issue.

Dated: December 8, 2017

GEORGE J. HAZEL
United States District Judge